Mr. Alfred F. Hurley Chancellor University of North Texas Texas College of Osteopathic Medicine P.O. Box 13737 Denton, Texas 76203-3737 Mattox
Re: Use of Higher Education Assistance Fund established by article VII, section 17, of the Texas Constitution to renovate facilities at the University of North Texas (RQ-1475)
Dear Mr. Hurley:
You ask several questions involving the interpretation of article VII, section 17, of the Texas Constitution, which creates the Higher Education Assistance Fund. Article VII, section 17, of the Texas Constitution was adopted by the voters in 1984. See H.J.R. 19, § 1, Acts 1983, 68th Leg., at 6701. It appropriates $100 million per year for a college construction fund for 26 specified institutions of higher education including the University of North Texas. The eligible institutions may use these funds
 for the purpose of acquiring land either with or without permanent improvements, constructing and equipping buildings or other permanent improvements, major repair or rehabilitation of buildings or other permanent improvements, and acquisition of capital equipment, library books and library materials.
Tex. Const. art. VII, § 17(a).
This provision also permits the governing board of each institution to issue bonds and notes for most of the purposes for which the fund may be used. Id. § 17(e). The institutions designated to benefit from the fund may not, as a general rule, receive additional funds from the general revenue of the state "for acquiring land with or without permanent improvements, for constructing or equipping buildings or other permanent improvements, or for major repair and rehabilitation of buildings or other permanent improvements." Id. § 17(j). There are exceptions for appropriations made to replace an uninsured loss due to fire or natural disaster and for appropriations by two-thirds vote of the legislature in cases of demonstrated need.
Your questions concern the interpretation of subsection (f) of the constitutional provision which restricts the use of the Higher Education Assistance Fund as follows:
 (f) The funds appropriated by this section may not be used for the purpose of constructing, equipping, repairing, or rehabilitating buildings or other permanent improvements that are to be used for student housing, intercollegiate athletics, or auxiliary enterprises.
Tex. Const. art. VII, § 17(f).
Your first question is as follows:
 May the University use Higher Education Assistance Fund (HEAF) dollars to renovate a portion of a building used for both educational and general (E G) and auxiliary purposes when that portion which is renovated with HEAF funds is a separate area of the building and is used exclusively for E G purposes 100% of the time; e.g., renovate available space in a dormitory into classrooms, labs, or faculty offices?
The educational and general functions for which state colleges and universities receive legislative appropriations are defined at length in the instructions for preparing and submitting appropriations requests published by the Legislative and Executive Budget Offices. See General Appropriations Act, Acts 1987, 70th Leg., 2d C.S., ch. 78, at 726. Included are expenditure items relevant to giving instruction, administering the institution, and providing support necessary to operate an institution of higher education. Excluded are student services for which fees are authorized under section 54.503 of the Texas Education Code and all auxiliary enterprise operations and costs related thereto. Governor's Budget Office Legislative Budget Office, Detailed Instructions for Preparing and Submitting Requests for Legislative Appropriations for the Biennium Beginning Sept. 1, 1987, Supplement A, "Definitions of the Elements of Institutional Costs." See also V.T.C.S. art. 6252-5c, § 1(1) (defining "auxiliary enterprise" as a business activity conducted at institution of higher education that provides a service to institution but is not funded through appropriated funds).
A former constitutional provision also designated as article VII, section 17, was adopted in 1947 and repealed in 1982. See S.J.R. No. 4, Acts 1947, 50th Leg. at 1184; H.J.R. No. 1, § 3, Acts 1982, 67th Leg., 2d C.S., at 52. This provision established a state property tax to finance construction at 17 universities. The tax was used to create a special fund
 for the purpose of acquiring, constructing and initially equipping buildings or other permanent improvements at the designated institutions of higher learning provided that none of the proceeds of this tax shall be used for auxiliary enterprises. . . . (Emphasis added.)
S.J.R. No. 24, Acts 1965, 59th Leg., at 2197. The underlined language was added by a 1965 amendment to former article VII, section 17, of the Texas Constitution. It imposed a restriction on the expenditure of constitutionally authorized tax revenues similar to the restrictions currently imposed by subsection (f) of article VII, section 17, of the Texas Constitution. Opinions of this office which discussed the restriction under the former version of article VII, section 17, assist us in answering your first question.
The phrase "buildings or other permanent improvements" as used in former article VII, section 17, includes a wing on a building or other permanent structure. Attorney General Opinion V-1427 at 8 (1952). Attorney General Opinion H-1248 (1978) established that a stadium and a special events center for intercollegiate athletic events were auxiliary enterprises within the constitutional restriction. It then considered whether the constitutionally authorized tax funds could be used to pay for a portion of a stadium or special events center designated for educational purposes, such as classrooms. The opinion stated as follows:
 We believe that these funds may be used to fund a part of a building, if there is actually a separation of auxiliary and educational uses. How this actually will be accomplished in a given case will depend on facts as to the design and operation of the building. Since we do not resolve fact questions in the opinion process, we cannot give a comprehensive answer to your question.
Attorney General Opinion H-1248 at 2 (1978).
The University may use Higher Education Assistance Fund dollars to construct, repair, or rehabilitate buildings or other permanent improvements, which may include a wing, an addition, or other portion of a building used for educational purposes. Tex. Const. art. VII, § 17(a); Attorney General Opinion H-1248 (1978); see also Attorney General Opinion MW-101 (1979). Accordingly, these funds may be used to renovate a separate portion of a building into facilities used exclusively for educational and general purposes, such as classrooms, labs, or faculty offices. Although the renovated portion of the building was formerly used for auxiliary purposes and the rest of the building will be used for auxiliary purposes in the future, there is no violation of subsection (f) of article VII, section 17, of the Texas Constitution.
Subsection (f) bars the use of constitutional funds to construct, repair or rehabilitate buildings "or other permanent improvements that are to be used for student housing, intercollegiate athletics, or auxiliary enterprises." Id. § 17(f) (emphasis added). This restriction applies to a building or a permanent improvement other than a building that will be used in the future for auxiliary purposes. As we have already pointed out, a "permanent improvement" may be a wing or other separate part of a building. In this case, it is the part of the building renovated for education and general purposes. This permanent improvement will not be used for any of the purposes set out in article VII, section 17(f) of the Texas Constitution.
Your second question is as follows:
 May a university use HEAF funds to renovate a portion of a facility used for both E G and auxiliary purposes when the purpose of the renovation and the ultimate use of that portion of the facility which is renovated is exclusively used for educational purposes; e.g., when fold-up desk arms are added to a university's theatre to provide writing surfaces so that the theatre may be used as a large classroom for a portion of a day? E G appropriations are used to support the facility partially because of its instructional (E G) use.
You inform us that the University of North Texas has used HEAF funds to install fold-up desk arms on the seats in its University Threatre. The theatre was previously used for auxiliary purposes 100% of the time but is now reserved for several hours each weekday for use as a classroom. You also state that the fold-up desk arms have no use other than for instructional purposes. We will assume that these statements are correct and base our answer to your second question on them.
We believe that the literal language of subsection (f) of article VII, section 17, prevents this expenditure of HEAF funds. The funds appropriated by the constitutional provision "may not be used for . . . equipping, repairing, or rehabilitating buildings or other permanent improvements that are to be used for . . . auxiliary enterprises." Although the desk arms themselves may be devoted exclusively to educational purposes, they were added to a facility used in part for auxiliary enterprises. In our opinion, they were used to equip or rehabilitate a building or other permanent improvement "to be used for . . . auxiliary enterprises." The expenditure is therefore within the subsection (f) prohibition.
Your third question is as follows:
 May a university use HEAF dollars to renovate a portion of a building used for both E G and auxiliary purposes, when auxiliary funds and HEAF funds share proportionately the cost of the renovation; e.g., replace a roof on a building that is occupied 50% by E G and 50% by an auxiliary enterprise? Accordingly, HEAF funds are used to pay for 50% of the roof replacement and auxiliary funds pay for the other 50%.
Your question concerns replacing the roof on a building which is devoted in part to dormitory space and in part to education and general purposes. The subsection (f) restriction is formulated in terms of tangible structures and facilities, specifically, "buildings or other permanent improvements." We believe that it permits the use of HEAF funds only on facilities that are physically distinct in some degree from facilities for student housing, inter-collegiate athletics, or auxiliary enterprises. It therefore does not permit combining HEAF funds with auxiliary funds to finance a unified renovation to a building used both for an auxiliary enterprise and for educational and general purposes. Separating the sources of funding as an accounting matter will not satisfy the requirement of physical separateness implicit in the language of subsection (f).
Your fourth question is as follows:
 May a university use HEAF monies to share proportionately with auxiliary funds in the cost of an item of capital equipment used for both E G and auxiliary purposes; e.g., to install a lighting system in the University Theatre when the theatre is used as a large classroom for a portion of each day? In conformance with State law, E G appropriations may be, and are, used to support the facility because of its instructional use.
Subsection (f) of article VII, section 17, of the Texas Constitution provides that the constitutionally appropriated funds may not be used to equip buildings or other permanent improvements that are to be used for auxiliary enterprises. As our answer to your third question indicates, the language of subsection (f) prevents the use of HEAF funds to equip buildings or improvements which are not physically distinct from auxiliary enterprise facilities. Where the equipment is used for both auxiliary and for educational and general purposes, the requirement of physical separation is not met. Consequently, HEAF funds may not be used for the combined purpose inquired about in your fourth question.
You inform us that appropriations for educational and general purposes are used to support the facility because of its instructional use. This information does not change our conclusion that subsection (f) prohibits the expenditure of HEAF funds in partial payment for an item of capital equipment used for educational and general purposes and for an auxiliary enterprise. State colleges and universities have statutory authority to establish and operate auxiliary enterprises. See, e.g., Educ. Code § 54.503 (student services); Educ. Code, ch. 55 (financing permanent improvements including student housing); Attorney General Opinions H-1312 (1978); H-513 (1975); Letter Advisory No. 6 (1973). H-1312 (1978); H-513 (1975); Letter Advisory No. 6 (1973). The applicable statutes and appropriations act provisions control the expenditure of legislative appropriations by state colleges and universities. See, e.g., Letter Advisory No. 50 (1973). We are unaware of any constitutional provision prohibiting the use of educational and general funds to operate facilities used for auxiliary enterprises as well as for educational and general purposes.
Your final question is as follows:
 May the University use bond proceeds gained through any future HEAF bond sales to purchase capital equipment for an E G building which has not been newly constructed, e.g., use HEAF bond proceeds to buy capital equipment for a ten year old E G building used for research and instruction?
You ask about the future use of bond funds to purchase "capital equipment," but in discussing this question you refer to both "equipment" and "capital equipment." Article VII, section 17, of the Texas Constitution uses both terms. We will address the significance of these two terms in answering your question. We have not been asked whether any particular item of equipment is "capital equipment," and we do not address any such question.
Subsection (a) of section 17 states the purposes for which the funds it appropriates may be used:
 acquiring land either with or without permanent improvements, constructing and equipping buildings or other permanent improvements, major repair or rehabilitation of buildings or other permanent improvements, and acquisition of capital equipment, library books and library materials. (Emphasis added.)
Tex. Const. art. VII, § 17(a).
Subsection (e) of section 17 defines the authority of the eligible institutions to issue bonds:
 Each governing board authorized to participate in the distribution of money under this section is authorized to expend all money distributed to it for any of the purposes enumerated in Subsection (a). In addition, . . . such governing board may issue bonds and notes for the purposes of . . . acquiring land either with or without permanent improvements, constructing and equipping buildings or other permanent improvements, and for major repair and rehabilitation of buildings or other permanent improvements, and may pledge up to 50 percent of the money allocated to such governing board pursuant to this section to secure the payment of the principal and interest of such bonds or notes. (Emphasis added.)
Tex. Const. art. VII, § 17(e).
Subsection (a) of section 17 permits the constitutional appropriation to be used for constructing and equipping buildings or other permanent improvements, and for the acquisition of capital equipment, library books and library materials. Subsection (e), in contrast, permits the issuance of bonds for constructing and equipping buildings or other permanent improvements, but does not authorize the issuance of bonds to acquire capital equipment. The term "equipment" describes a category which includes "capital equipment"; thus, the proceeds of bonds issued under section 17(e) of article VII for "constructing and equipping buildings or other permanent improvements" may be used to acquire the capital equipment necessary to equip the building. The absence of authority to issue bonds for "capital equipment" alone indicates that equipment may be purchased only in connection with constructing a building or other permanent improvement, and not as a separate item to be installed in an existing structure.
Our interpretation of the constitutional provision is consistent with the interpretation given the former version of article VII, section 17 by the opinions of this office. The former version of article VII, section 17, established a fund "for the purpose of acquiring, constructing and initially equipping buildings or other permanent improvements at the designated institutions. . . ." S.J.R. No. 4, Acts 1947, 50th Leg. at 1184 (emphasis added). Attorney General Opinion V-931 (1949) determined that the constitutional fund could not be used to equip space in an existing building as a college printing shop to be operated in connection with the Department of Journalism. The space had "never been equipped, initially or otherwise, for that purpose." Attorney General Opinion V-931 (1949). The opinion stated as follows:
 Article VII, Section 17, was intended to provide for the construction or acquisition of buildings and other permanent improvements and for the initially equipping of such buildings or permanent improvements. There is no provision in the amendment for `initially equipping' existing buildings. . . .
 It will be noted also that the amendment does not say `for the purpose of acquiring, constructing or initially equipping buildings . . .' It uses the conjunctive word `and' rather than the disjunctive word `or.' (Emphasis in original.)
Attorney General Opinion V-931 at 3 (1949).
We believe Attorney General Opinion V-931 controls the answer to your question. Although the modifier "initially" does not appear in the present version of article VII, section 17, this omission is not significant because Attorney General Opinion V-931 did not rely on that term to reach its conclusion. The present constitutional provision uses the conjunctive "and" rather than the disjunctive "or." Bonds may be issued under subsection (e) of section 17 for "constructing and equipping buildings or other permanent improvements. . . ." Tex. Const. art. VII, § 17(e). Accordingly, the University may not use the proceeds of bonds issued under article VII, section 17(e), to purchase capital equipment for a building which has not been newly constructed.
 SUMMARY
Funds appropriated by article VII, section 17, of the Texas Constitution may be used to renovate a portion of a building used for both educational and general purposes and auxiliary purposes, if the renovated portion is a wing, addition, or other physically distinct part of the building and if it is used exclusively for educational and general purposes.
Section 17(f) of article VII prohibits the expenditure of such funds to construct, equip, repair, or rehabilitate buildings or other permanent improvements to be used for student housing, intercollegiate athletics, or auxiliary enterprises. Subsection (f) prevents the use of the constitutionally appropriated funds to assist in renovating a building or other permanent improvement which is used part of the time for educational and general purposes, and part of the time for auxiliary purposes. The constitutional fund may not be applied toward the purchase of capital equipment used for educational and general purposes and for auxiliary purposes.
The proceeds of bonds issued pursuant to article VII, section 17 of the constitution may not be used to purchase capital equipment for an existing educational and general building.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Susan L. Garrison Assistant Attorney General